IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

M&I MARSHALL & ILSLEY BANK,

                 OPINION AND ORDER

    Plaintiff,

                  10-cv-616-slc[1]

 v.

JOHN GLAVIN and GABRIELLE GLAVIN,[2]

    Defendants.[3]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendant John Glavin has filed a notice of removal of a state replevin case filed in Circuit Court for Juneau County, Wisconsin. In the underlying state case, plaintiff M&I Marshall and Ilsley Bank claims that defendant is failing to make the monthly payments on a note financing the purchase of a snowmobile, and it seeks to repossess the snowmobile as

---

[1] For the purposes of issuing this order, I am assuming jurisdiction over the case.

[2] Throughout this opinion I will refer to John Glavin as "defendant."

[3] In his notice of removal, defendant has reversed the caption, listing himself as a third-party plaintiff and adding plaintiff M&I Marshall and Ilsley Bank's attorneys and the Circuit Court for Juneau County as third-party defendants. However, defendant does not explain why he has chosen to do this, and he does not appear to be bringing any claims of his own. Accordingly, I will utilize the underlying state case's caption as the caption for this case.

1

well as recover its costs.

Under 28 U.S.C. § 1446(c)(4), a district court is to examine a notice of removal to determine whether it appears from its face and any attached exhibits that an order for summary remand must be issued. In determining whether removal is proper under 28 U.S.C. § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993); Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 576 (7th Cir. 1982). Generally, federal courts have the authority to hear two types of cases: (1) cases in which the plaintiff alleges a violation of his or her constitutional rights or rights established under federal law, 28 U.S.C. § 1331; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state exceeding the sum or value of $75,000, 28 U.S.C. § 1332.

I conclude that defendant fails to show that this case qualifies for removal and will therefore remand it to state court. Tylka v. Gerber Products Co., 211 F.3d 445, 448 (7th Cir. 2000) (burden of establishing federal jurisdiction is on party seeking removal). Defendant's notice of removal suffers from several problems. First, his state replevin claim is not one that comes within this court's jurisdiction. It does not raise a federal question and defendant has not established diversity jurisdiction. Defendant does not provide plaintiff's citizenship, but he argues that his citizenship cannot be the same as plaintiff's because he

2

is a "real sovereign sentient man, a citizen of the Wisconsin Republic . . . and not a citizen of the De facto Federal State of Wisconsin." This "sovereign citizen" argument has been rejected repeatedly by courts. See, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (argument that individual is sovereign citizen of a state who is not subject to jurisdiction of United States and not subject to federal taxing authority is "shop worn" and frivolous).

Assuming that defendant is a citizen of the state of Wisconsin, I would usually give him a chance to clarify his assertion of diversity jurisdiction by explaining plaintiff's citizenship. However, this is unnecessary because the case clearly does not meet the requirement that amount in controversy exceed $75,000. As alleged in the complaint, the debt owed plaintiff was $3642.21 and the value of the snowmobile was $5115.

Finally, this case cannot be removed because defendant failed to file the notice of removal within 30 days of his receipt of the complaint. According to the removal procedure set forth in 28 U.S.C. § 1446, any removal motion must be filed within 30 days after receipt of the initial pleading. 28 U.S.C. § 1446(b); Northern Illinois Gas Co. v. Airco Industrial Gases, 676 F.2d 270, 272-73 (7th Cir. 1982). The complaint is dated April 13, 2010. Although it is not definitively known when defendant received the complaint, electronic records maintained on the Wisconsin Circuit Court Access Program show that defendant appeared in this case in state court as early as May 2010. Therefore there is no question that

3

defendant's October 15, 2010 notice of removal was filed more than 30 days after his receipt of the initial pleading.

## ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Juneau County, Wisconsin. The clerk of court is directed to return the record to the state court.

Entered this 31st day of January, 2011.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge